GUY HARPER v. STATE.

No. A-538.   Opinion Filed June 20, 1911.

Appeal from Tulsa County Court; N. J. Gubser, Judge.

Guy Harper was convicted of violating the prohibitory law, and appeals. Reversed and remanded.

C. P. Chenault, Norvell & McNary and Hepburn & Granttham, for plaintiff in error.

Fred S. Caldwell, for defendant in error.

PER CURIAM.   Plaintiff in error was convicted in the county court of Tulsa county on the 3rd day of December, 1909, on a charge of selling intoxicating liquor, and his punishment fixed at a fine of fifty dollars, and thirty days imprisonment in the county jail.   The only question raised by this record that we deem necessary to consider is the first assignment argued by counsel: that the court erred in overruling the motion to set aside the information on the ground that the same had not been signed by the county attorney.   It appears that the information was in proper form; that the county attorney failed to sign the body of the information, but signed the verification of the same.   Our statute requires an information in a misdemeanor case to be both signed and verified.   Sec. 6644, Snyder's Stat. 1909, is as follows: "The county attorney shall subscribe his name to informations filed in the county or district court and endorse thereon the names of the witnesses known to him at the time of filing the same.   He shall also endorse thereon the names of such other witnesses as may afterwards become known to him, at such time before the trial as the court may by rule prescribe.   All informations shall be verified by the oath of the prosecuting attorney, complainant or some other person:   Provided, That when an information in any case is verified by the county attorney, it shall be sufficient if the verification be upon information and belief." There is an entire omission on the part of the county attorney to subscribe the information filed in this case.   The first signature found on the sheet of paper upon which the information was drawn is that of Tom Lester, prosecuting witness, which is attached to a form of verification.   The next is that of Judge Gubser who swore the witness for verification.   Immediately below this is a form of verification by the county attorney.   This form of verification closes with the signature of M. A. Breckenridge, county attorney.   The signature of the county attorney at the place it appears on the document does not substantially conform to the provision of the statute requiring that the information be subscribed.   When the motion to set aside the information was filed the trial court should have required the county attorney to sign the same in the manner contemplated by the statute.   For this error the cause is reversed and remanded with directions to the county court of Tulsa county to require the county attorney to sign the information and grant a new trial.